■ STEPHEN B. AUERBACH, Appellant-Respondent, v SAMUEL J. KLEIN et al., Respondents. NEIL RICK, Nonparty Respondent-Appellant; JOHN L. ACIERNO, Nonparty Respondent. [887 NYS2d 248]—In a consolidated action, inter alia, in the nature of a shareholder's derivative action to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated January 14, 2008, as granted that branch of the motion of nonparty Neil Rick which was to quash certain subpoenas, (2) from an order of the same court, also dated January 14, 2008, which denied the plaintiff's motions, inter alia, to vacate a certification order dated July 31, 2007, and to vacate a note of issue filed on August 10, 2007, or to permit post-note-of-issue discovery, (3) from an order of the same court, also dated January 14, 2008, which granted the motion of nonparty John L. Acierno to quash a subpoena seeking to compel his deposition, (4) from an order of the same court dated November 5, 2008, which denied his motion, in effect, for leave to reargue that branch of his cross motion which was to issue certain open commissions to depose out-of-state nonparties, which was purportedly denied at a conference on June 6, 2007, (5) from an order of the same court dated February 15, 2008, which granted the separate motions of the defendants Telecom Communications, Inc., and Risk Investigations, Inc., Samuel J. Klein, Richard Krants, also known as Richard Kramps, also known as Richard Krantz, HRK Associates, LLC, and Spectrum Initiatives, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and (6) from a judgment of the same court dated October 23, 2008, which, upon the order dated February 15, 2008, is in favor of the defendants and against the plaintiff dismissing the action, and nonparty Neil Rick cross-appeals from so much of the first order dated January 14, 2008, as denied that branch of his motion which was to impose sanctions pursuant to 22 NYCRR 130-1.1 against the plaintiff and his attorney.

Ordered that the plaintiff's appeals from the orders are dismissed; and it is further,

Ordered that the first order dated January 14, 2008 is affirmed insofar as cross-appealed from by Neil Rick; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants-respondents and nonparty respondent appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff's appeal from the order dated November 5, 2008 must be dismissed, as no appeal lies from an order denying leave to reargue.

The plaintiff's appeals from the remaining intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those intermediate orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In response to the defendants' respective prima facie showings of their entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. In his opposition papers, the plaintiff relied upon speculation. Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The remaining contentions of the plaintiff and nonparty Neil Rick are without merit. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.